IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

**EDWARDS LIFESCIENCES CORPORATION**,
One Edwards Way,
Irvine, CA 92614

      Plaintiff,

  v.

**INTERNAL REVENUE SERVICE**,
1111 Constitution Ave., NW
Washington, DC 20224

      Defendant.

## COMPLAINT

Plaintiff, Edwards Lifesciences Corporation ("Edwards"), brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for an order enjoining the Internal Revenue Service ("IRS" or "Defendant") from improperly withholding agency records and instructing Defendant to produce those records to Plaintiff.

### NATURE OF THE ACTION

1. Pursuant to the FOIA, Edwards seeks five categories of documents in Defendant's possession, custody, or control that relate to Defendant's consideration of Edwards's consolidated federal corporate income tax returns for the 2015–2017 tax years. Defendant has ignored Plaintiff's FOIA requests and failed to produce any of the requested documents according to the statutory deadlines in the FOIA. As of the date of this complaint, Defendant has failed to notify Edwards of a determination of whether Defendant will comply with Edwards's

FOIA requests.  Defendant has neither invoked any FOIA exemption nor stated any reason why Defendant cannot comply with Edwards's requests.  Edwards brings this action to compel Defendant to disclose the records to which Edwards is entitled.

## JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

3.  Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.  Plaintiff is a corporation organized under the laws of the State of Delaware.  It has a principal place of business at One Edwards Way, Irvine, California 92614.  It is the parent corporation of an affiliated group that files consolidated federal corporate income tax returns.

5.  Defendant is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is therefore subject to the FOIA.  Defendant is headquartered at 1111 Constitution Avenue NW, Washington, D.C. 20224.  Defendant possesses or otherwise controls the agency records Edwards seeks.

## STATEMENT OF FACTS

6.  On January 26, 2024, Edwards submitted a letter to the IRS containing requests for agency records in five categories.

7.  First, Edwards requested all documents in the IRS's possession, custody, or control relating to the IRS's 2015–2017 administrative audit (i.e., examination) of Edwards's consolidated federal corporate income tax returns (the "2015–2017 Audit File Request").

8.Second, Edwards requested all documents in the IRS's possession, custody, or control relating to Edwards's administrative appeal to the IRS Independent Office of Appeals of Defendant's proposed adjustments to Edwards's consolidated 2015–2017 federal corporate income tax returns (the "2015–2017 Appeals File Request").

9.Third, Edwards requested all documents contained in the IRS Advance Pricing and Mutual Agreement Program's File relating to Edwards's application for a bilateral advance pricing agreement between the United States and Switzerland covering Edwards's 2009 through 2013 tax years (the "APMA File Request"). Edwards explained that the advance pricing agreement process ultimately resulted in a bilateral advance pricing agreement that covered certain transactions from 2009 through 2020.

10.Fourth, to the extent not covered by the first three requests, Edwards requested any and all communications between Edwards personnel (including advisors working on Edwards's behalf) and personnel in the IRS Examination Division, the IRS Independent Office of Appeals, the IRS Advance Pricing and Mutual Agreement Program, or the IRS Office of Chief Counsel (the "Edwards–IRS Communications Request").

11.Fifth, to the extent not covered by the first three requests, Edwards requested any and all communications between or among personnel from the IRS Examination Division, the IRS Independent Office of Appeals, and the IRS Advance Pricing and Mutual Agreement Program regarding the 2015–2017 Audit, the 2015–2017 Appeal, and any analyses, negotiations, or other discussions of any nature relating to Edwards's application for a bilateral advance pricing agreement between the United States and Switzerland (i.e., the subject of the APMA File Request) (the "IRS Communications and Analyses Request").

12. As of the date of this filing, the IRS has yet to respond to any of Edwards's requests. Defendant has neither notified Edwards of Defendant's determination of whether Defendant will comply with Edwards's requests nor produced any of the requested documents.

## LEGAL STANDARDS

13. A federal agency must determine whether to comply with a FOIA request and must notify the party making the FOIA request of the agency's determination within 20 days after receipt of the request. *See* 5 U.S.C. § 552(a)(6)(A)(i); 26 C.F.R. § 601.702(c)(9)(ii).

14. If the agency fails to adhere to the 20-day FOIA deadline, the party that made the FOIA request is deemed to have exhausted administrative remedies and may initiate suit in this Court. *See* 5 U.S.C. § 552(a)(4)(B), 552(a)(6)(C)(i); 26 C.F.R. § 601.702(c)(12), 601.702(c)(13).

15. A federal agency is required to "make reasonable efforts to search for" requested documents and to make those documents "promptly available." 5 U.S.C. § 552(a)(3)(A), 552(a)(3)(C); 26 C.F.R. § 601.702(c)(2)(ii).

## COUNT I
## FOIA VIOLATION

16. Edwards incorporates by reference the allegations in paragraphs 1–15 above.

17. Defendant is subject to the FOIA.

18. As is its right under the FOIA, Edwards requested all documents within Defendant's possession, custody, or control included in the 2015–2017 Audit File Request, the 2015–2017 Appeal File Request, the APMA File Request, the Edwards–IRS Communications Request, and the IRS Communications and Analyses Request.

19. Edwards is entitled to those agency records under the FOIA.

20. Defendant failed to comply with statutory deadlines imposed by the FOIA.

21. Defendant failed to make reasonable efforts to search for the requested documents.

22. Defendant is improperly withholding the agency records requested in violation of the FOIA.

23. Edwards exhausted its administrative remedies regarding the requested agency records that have been wrongfully withheld by Defendant.

**RELIEF REQUESTED**

24. WHEREFORE, Plaintiff respectfully requests that this Court:

    (a) Order Defendant to conduct a reasonable search for any and all documents responsive to Edwards's FOIA requests;

    (b) Enjoin Defendant from withholding and order Defendant to produce to Edwards the documents that Edwards seeks, in accordance with 5 U.S.C. § 552(a)(4)(B); and

    (c) Award Edwards such other relief as this Court considers just and proper.

Dated: April 2, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Saul Mezei

Saul Mezei

D.C. Bar No. 981746

1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8693
Facsimile: 202.530.9577
Email: smezei@gibsondunn.com